Matter of Butler v New York State Div. of Parole (2018 NY Slip Op 05550)





Matter of Butler v New York State Div. of Parole


2018 NY Slip Op 05550


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018


[*1]In the Matter of MICHAEL BUTLER, 
v
NEW YORK STATE DIVISION OF PAROLE, Respondent.

Calendar Date: June 11, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Pritzker, JJ.


Michael Butler, Altona, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (DeBow, J.), entered October 13, 2017 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner, who is currently incarcerated, sought to commence a CPLR article 78 proceeding to challenge a determination revoking his parole and imposing a 30-month time assessment. In connection therewith, Supreme Court signed an order to show cause on March 30, 2017 requiring petitioner to serve respondent as well as the Attorney General with the order to show cause, petition, exhibits and supporting papers by first class mail on or before May 12, 2017. When petitioner failed to do so, respondent moved to dismiss the petition for lack of personal jurisdiction. Supreme Court granted the motion and this appeal by petitioner ensued.
We affirm. "An inmate's failure to serve papers as directed by an order to show cause requires the dismissal of the petition on jurisdictional grounds, absent a showing that imprisonment presented an obstacle to compliance" (Matter of Watkins v New York State Dept. of Corrections & Community Supervision, 159 AD3d 1252, 1252 [2018] [citation omitted], lv denied ___ NY3d ___ [June 27, 2018]; see Matter of Perez v Harper, 161 AD3d 1472, 1472-1473 [2018]). In his responding papers, petitioner admitted that he did not comply with the service requirements, but claimed that this was because he was assaulted in prison, resulting in his hospitalization and the loss of unspecified documents. The record reveals, however, that the alleged assault occurred on April 25, 2017, well after the order to show cause was signed, and that petitioner, in fact, submitted certain papers to Supreme Court that were required by the order to show cause on April 11, 2017. In view of this, Supreme Court reasonably concluded that petitioner's failure to comply with the service requirements was not due to obstacles presented by his imprisonment. Therefore, we find no reason to disturb the dismissal of the petition.
Garry, P.J., McCarthy, Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.